UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS MAKULSKI,

        Petitioner,

v.                                         Case No. 2:12-cv-297
                                          HON. ROBERT HOLMES BELL

ROBERT NAPEL,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Marcus Makulski filed this petition for writ of habeas corpus challenging his conviction for second degree murder after he entered into a plea agreement. Petitioner intended to assert an alibi defense at trial. However, before trial the prosecutor produced a DVD of Petitioner's police interrogation. In that DVD, Petitioner admitted that he was at the location of the shooting, which contradicted his alibi defense. The court allowed admission of the evidence at trial for impeachment purposes. After the first day of trial, Petitioner entered a plea agreement to second degree murder and felon in possession of a firearm. By entering a plea, Petitioner would not face a first degree murder charge. The felon in possession of a firearm and fourth habitual offender charges were dropped. The agreement provided a sentence term of 17 to 40 years and 2 years on the felony firearm conviction. At the sentencing hearing, Petitioner unsuccessfully attempted to withdraw his no contest plea. Petitioner argues that the court erred by not allowing him to withdraw his no contest plea because it was not voluntarily made. Petitioner asserts that his plea was involuntary because the late introduction of the DVD of Petitioner's police interview failed to

provide Petitioner's counsel time to prepare a defense, which in turn pressured Petitioner into pleading guilty.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea

knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of Petitioner, the state judge found that Petitioner's plea of guilty was entered knowingly and voluntarily.

> THE COURT: Mr. Makulski, you understand that the charge of murder second degrees carries with it a maximum possible sentence of life in prison, and felony firearm a mandatory two year consecutive sentence?
>
> DEFENDANT: Yes.
>
> THE COURT: You understand that the prosecutor has offered you at this point a sentence agreement with a plea of guilty or no contest to both of those charges of 17 years to 40 years Michigan Department of Corrections on second degree murder, and two years Michigan Department of Corrections, consecutive, on the felony firearm, and agreement to dismiss count 4, which his felon in [possession] of a firearm, and also to dismiss first degree murder, and to withdraw notice to enhance your sentence as habitual fourth offender?

>        Do you understand that?
>
> DEFENDANT: Yea.
>
> THE COURT: Do you also understand by pleading guilty or no contest to these charges, you are giving up the rights you have at trial including your right to be tried by a jury, presumed innocent until proven guilty by the prosecutor beyond a reasonable doubt, the right to have witnesses appear and cross-examine them, the right to have the court order witness[es] for your behalf, the right to remain silent during your trial and not ... have silence used against you, and your right to testify at trial?
>
> DEFENDANT: Yes.
>
> THE COURT: Have there been any threats or promises made to you of any kind, other than what has put on this record to induce you to plead guilty or no contest to this charge?
>
> DEFENDANT: No.
>
> THE COURT: Are you doing so by your own free will?
>
> DEFENDANT: Yes.

Plea transcript at 6-7 (Docket #27).

   The record establishes that Petitioner entered into his plea agreement knowingly and voluntarily. Petitioner argued at sentencing that he received ineffective assistance of counsel because the court ruled that the DVD was admissible for impeachment purposes and his counsel did not have time to prepare a defense. The judge explained to Petitioner that his counsel advocated effectively and presented the proper motions to exclude the DVD, and that the judge ruled against the substance of counsel's arguments. The judge explained that it was not Petitioner's counsel's fault, but that she could not allow Petitioner to lie on the witness stand during trial and not allow the prosecutor to use the DVD to impeach Petitioner. Further, the judge rejected Petitioner's assertion that his plea was not knowing and voluntary because he was under pressure to make a decision at the time he entered

his plea. In the opinion of the undersigned, Petitioner has failed to show a violation of his constitutional rights. Further the decisions of the Michigan courts did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could

not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 8, 2015   /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE